GEORGE CROMPTON *vs.* CHARLES J. ANTHONY & others.

In a suit in equity by a creditor against his debtor and the debtor's wife, seeking to reach and apply in payment of the debt property of the debtor fraudulently conveyed to her with intent to defraud his creditors, and so held by her that it cannot be come at to be attached or taken on execution in a suit at law against the debtor, the court will not restrain the plaintiff from taking the deposition of the debtor's wife, touching the matters alleged in the bill against her, after the process has been duly served upon her, although no service has been made upon her husband, and he is out of the country, and the plaintiff has not established his debt against her husband by any judgment.

BILL IN EQUITY, alleging, in general, that the plaintiff held a claim of $15,000 against the defendant Charles J. Anthony, and that the other defendants, Anna D. Anthony, wife of said

Charles, and three other persons who were named, were each in the possession of an estate of great value which they held in trust for the said Charles J. Anthony, and for his benefit and use; and also of an estate of great value which he had conveyed or caused to be conveyed to them without consideration, and with intent to conceal the same from his creditors, and to prevent the same from being taken on legal process, and to delay, hinder and defraud his creditors, all which they well knew; that the plaintiff was unable particularly to describe said estate, but that he believed the same was so invested, held and concealed by said defendants, respectively, that it could not be come at to be attached or taken on execution in a suit at law against the said Charles J. Anthony. The prayer was for an answer, an account, and a decree that the estate might be applied in satisfaction of the plaintiff's claim against Charles J. Anthony, and for other relief.

Service was made, so far as Charles J. Anthony and his wife were concerned, by attaching certain property alleged to belong to him; by leaving a summons for him at his last and usual place of abode; and by delivering a summons in hand to her.

In the above suit, the defendant Anna D. Anthony filed a petition setting forth, among other things, that she and her husband were residents of the city of New York; that long before said suit was brought he left New York to visit Europe, under medical advice, for the benefit of his health; that he was now in Paris very sick; that no notice of the suit had been served upon him; and before he could be required to appear and answer the suit the plaintiff caused her to be summoned before a magistrate to give her deposition therein; that she is advised that her deposition cannot legally be taken therein, or certainly not until her husband is legally bound to enter an appearance: that the cause of action named in the suit was not made or transacted with her; and accordingly she prayed that the magistrate and the plaintiff might be ordered not to take her deposition, and for other relief.

At the hearing, before *Gray*, J., it appeared that Anthony and his wife formerly resided in Worcester, but whether their domici

was now there or not was in dispute. The motion for an injunction was overruled, and Mrs. Anthony appealed to the full court. It was agreed that, if the motion should have been made by an independent bill or petition, she should have the same rights as if it had been so made.

*P. C. Bacon & P. E. Aldrich*, for Mrs. Anthony. Mrs. Anthony is in no such sense a party to this suit as to make her a competent witness, either for or against her husband. Gen. Sts. c. 131, § 14. *St.* 1865, *c.* 207, § 2. She was no party to the transaction upon which the plaintiff founds his suit, but is summoned merely as a supposed trustee. Unless the plaintiff can maintain his suit against her husband, he cannot pursue it against her. She is no party to the matter in controversy between the plaintiff and her husband. She is a party to the suit only so far as it raises the question whether she has assets, which her husband's creditors are entitled to have. But it does not yet appear that her husband owes the plaintiff anything. The plaintiff has obtained no judgment against him. The general rule in equity is, that a party cannot seek to reach equitable property of the debtor till he has exhausted his remedy at law. *Beck* v. *Burdett*, 1 Paige, 305. *Tappan* v. *Evans*, 11 N. H. 311. *Gordon* v. *Lowell*, 21 Maine, 251. *Waterman* v. *Cochran*, 12 Verm. 699. The plaintiff should obtain his judgment, and then, if *nulla bona* is returned on the execution, he may proceed against her.

If her deposition can be taken at any stage of the suit, it cannot until due service upon her husband. See Gen. Sts. *c.* 131, § 19. He never heard of this case. Under such circumstances, can a witness be compelled to give a deposition, and committed for refusing to answer?

If her deposition can be taken, it must be confined to the proceedings against her.

*G. F. Hoar & T. L. Nelson*, for the plaintiff. The plaintiff has a right to take this deposition under Gen. Sts. *c.* 131, §§ 19, 59, 60. All the defendants are equally parties to the suit. Gen. Sts. *c.* 113, § 2 ; *c.* 123, §§ 25, 31. This is an ordinary bill in equity, under Gen. Sts. *c.* 113, § 2, *cl.* 11. It is no part of the

plaintiff's case to show that there are no other means of collect-
ing his debt. It is no answer to the suit to say there might be
different remedies elsewhere. This suit is in the nature of an
adversary suit against her. To maintain it, the plaintiff must
establish every allegation of fact in his bill; and she may put
the same in issue, even though the bill should be taken *pro con-
fesso* as against her husband.

BIGELOW, C. J.* We are of opinion that there is no valid
reason for restraining the plaintiff from proceeding to take the
deposition of one of the persons whom he seeks to charge as
having property in her hands belonging to his debtor, which can-
not be come at to be attached or taken in execution in a suit at
law. She is clearly a party to the suit. She is not only charged
with having in her hands and possession an estate of great value
in trust for the alleged debtor of the plaintiff, but also with hav-
ing received it without consideration, with a knowledge that it
was transferred to her with the fraudulent design of concealing
it from the creditors of the debtor, and to hinder and delay them
in the collection of their debts. Under this allegation, there is a
distinct issue, to which the witness, whose deposition is sought
to be taken, is a direct and immediate party, on proof of which
depends her liability in the present suit. She is, therefore, in a
strict and proper sense, a party to the action, and a competent
witness either for herself or " any other party," under Gen. Sts.
*c.* 131, § 14.

It is suggested on the part of the petitioner that this suit can-
not be maintained, because it is not yet judicially established
that any debt is due to the plaintiff from the person who is
alleged to be his debtor in the bill, and that no suit in equity
can be properly brought to reach the equitable property of a
debtor until the creditor has first obtained judgment and execu-
tion at law, and been unable thereby to obtain satisfaction of
his debt. But a proceeding like the one at bar, though in some
respects analogous to a creditor's bill, is not required, by the
statute which authorizes it, to be conformable to the rules which

---

\* FOSTER, J., did not sit in this case.

regulate and govern suits of the latter character. It has already been held that a suit in equity like the present may be maintained by a single creditor in his own behalf, and need not be brought for the benefit of other creditors. *Silloway* v. *Columbia Ins. Co.* 8 Gray, 199. For the same reason, a bill for a like purpose may be sustained by a creditor to secure payment of his debt without first establishing it by a judgment at law. The plain intent of the statute is to give to a creditor the right, by means of a suit in equity, to lay hold of and appropriate in payment of his debt any property, title or interest of his debtor which may be of such a kind or in such situation or condition as not to be within the reach of process at common law. The proceeding is intended to be in the nature of an equitable trustee process, by which a single creditor may in one and the same suit establish his claim against his debtor, and also compel the appropriation of property in the hands of third persons to the payment of his debt. In analogy to the proceedings on trustee process at law, the inquiry into the two distinct issues involved in the case may well proceed independently of each other. The question whether the persons who are made parties, and who are alleged to have property or assets of the debtor in their hands liable to be appropriated to the payment of the plaintiff's debt, are chargeable therefor in this suit, has no necessary connection with the question of the validity of the claim which the plaintiff seeks to establish against his alleged debtor, and may well be determined, as in suits at law, irrespective of the final result upon that issue.

In this view, it is wholly immaterial to the right of the plaintiff to take the deposition in question, whether the alleged debtor has been duly served with process or not. The suit has been duly commenced, and the witness is a party to it regularly summoned and before the court. The alleged debtor, if not already properly served with notice of the suit, may still be duly summoned. Whether he will appear and answer to the suit cannot now be known. He may see fit not to appear and answer the bill, and allow it to be taken *pro confesso* as against him. In the mean time, however, there is a distinct issue raised as

between the plaintiff and the witness, in regard to which the former has a right to her testimonv under the provisions of Gen. Sts. *c.* 131, §§ 19, 59, 60. In the event that the debtor does not appear to answer to the suit, after being duly served with process, the deposition of the witness would be clearly competent as against her, on the issue raised to which she is a party. It cannot now be foreseen whether, when the case comes to a hearing, the deposition will be competent or not. But the plaintiff is clearly entitled to the testimony of the witness, in the form of a deposition, to be used in case it shall be found to be competent and admissible when offered in evidence.

*Prayer of petitioner denied.*